FILED
United States Court of Appeals
Tenth Circuit

July 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANESHA L. BROWN,

        Plaintiff - Appellant,

v.

WAL-MART STORES, INC.,

        Defendant - Appellee.

No. 11-3119

(D. Kansas)

(D.C. No. 2:11-CV-02038-CM-GLR)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

After examining the appellate briefs and the appellate record, this court has unanimously concluded that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Janesha L. Brown appeals the district court's dismissal of the civil action she brought against her former employer, Walmart Stores, Inc. ("Walmart"). In her complaint, Brown alleged Walmart wrongfully terminated

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

her employment.[1]  Walmart moved to dismiss the complaint, arguing Brown failed to plead facts plausibly suggesting she was entitled to relief under any cognizable legal theory.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding dismissal of a complaint is appropriate if plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face").  After considering the motion and Brown's response, the district court dismissed the suit.  In its Memorandum and Order, the court correctly noted that Kansas is an at-will employment state and, accordingly, an employer may "terminate employees for good cause, for no cause, or even for the wrong cause."  *Goodman v. Wesley Med. Ctr., L.L.C.*, 78 P.3d 817, 821 (Kan. 2003).  The only exceptions to this general rule "arise from public policy."  *Dickens v. Snodgrass, Dunlap & Co.*, 872 P.2d 252, 262 (Kan. 1994).  The district court concluded Brown's complaint contained no facts or allegations that would support a plausible claim for wrongful termination under Kansas law.  *See Twombly*, 550 U.S. at 570.  Brown appeals from this ruling.[2]

In this appeal, Brown argues generally that the district court erred by dismissing her complaint.  She also attempts to assert a Title VII claim of sex

---

[1]Although Brown indicated in her complaint that the federal district court had jurisdiction under 28 U.S.C. § 1343, the complaint also specifically stated she was not alleging her termination involved unlawful discrimination.  Accordingly, the district court construed her claims as arising under Kansas law.

[2]Brown also filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure which the district court denied.  Because she did not file an amended notice of appeal, this court lacks jurisdiction to consider any matter related to the Rule 59(e) motion.  *See* Fed. R. App. P. 4(a)(4)(B)(ii).

discrimination.  Brown has not amended her complaint to include a Title VII claim and it was not properly raised in district court.  Accordingly, this court will not consider it.  *Oyler v. Allenbrand*, 23 F.3d 292, 299 n.8 (10th Cir. 1994).

Having reviewed the record and the applicable law, and exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the dismissal of Brown's wrongful termination claims for substantially the reasons stated by the district court in its Memorandum and Order dated April 15, 2011.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge